**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0383n.06
Filed: May 11, 2005

**04-3733**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES L. SZARKA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| OHIO TRANSMISSION CORPORATION, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: GUY, DAUGHTREY, and GIBBONS, Circuit Judges.

PER CURIAM. The plaintiff, James Szarka, appeals from the district court's grant of summary judgment to defendant Ohio Transmission Corp., which is the plaintiff's former employer, in this action brought by the plaintiff under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* Szarka had worked for Ohio Transmission for 26 years prior to his discharge in 1999, at age 55. The termination came after a series of increasingly poor performance evaluations that Szarka received following a company restructuring in 1997 and his appointment to a new position with management responsibilities over a larger segment of the business. The district court found that although the plaintiff may have made out a prima facie case of age discrimination, he had failed to show that his employer's legitimate non-discriminatory reason for terminating him was pretextual.

*04-3733*

We conclude that the district court was correct in reaching this conclusion. Moreover, we find no abuse of discretion in connection with the court's decisions to limit discovery of employee files to those of "comparables" and to require a showing that broader discovery requests bore some relevance to disputed issues.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion and order dated January 26, 2004.